IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAROL ESCUE,

    *Plaintiff,*

vs.                                                                                       Case No. 19-1271-EFM

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Allstate Fire and Casualty Insurance Company's ("Allstate") Motion for Summary Judgment (Doc. 21). Allstate seeks summary judgment on both of Plaintiff Carol Escue's claims, or in the alternative, partial summary judgment on Escue's claim for attorney fees. For the reasons stated below, the Court denies the motion.

## I.     Factual and Procedural Background[1]

At all relevant times, Escue was insured under an automobile liability policy issued by Allstate. The policy provided uninsured motorist coverage up to $250,000.[2] On February 14, 2018, a vehicle meeting the definition of an "uninsured auto"—as defined in the policy—collided

---

[1] In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts in the light most favorable to the non-moving party.

[2] Escue's Allstate policy also insured her against loss by fire, tornado, lightning, or hail.

with Escue's vehicle. The driver of the uninsured car was 100% negligent in causing the collision. Escue was injured as a result of the accident and asserts damages including past and future medical expenses, past and future economic damages, and past and future non-economic damages including pain, suffering, and mental anguish.

Escue's policy requires her to substantiate alleged injuries with medical records and examinations before receiving insurance proceeds. It specifically provides that "[t]he insured person may be required to take medical examinations by physicians [Allstate] choose[s], as often as [Allstate] reasonably require[s]."[3] Correspondingly, there is a clause limiting suit against Allstate under the uninsured motorist coverage, "unless there is full compliance with all the policy terms."[4]

Escue gave Allstate a time-limited settlement offer on May 30, 2019, for the full uninsured motorist policy limit of $250,000. In correspondence through counsel of both parties, Allstate requested Escue's prior medical history. Escue complied and supplied all available records. After reviewing her medical history, Allstate requested that Escue undergo an independent medical examination. At that time, Escue refused to undergo a medical examination. Allstate rejected Escue's settlement offer and made no counteroffer before Escue filed this lawsuit on October 8, 2019. During discovery, Escue completed an independent medical examination that showed she had severe degenerative pre-existing conditions in her lumbar spine.[5]

---

[3] Doc. 20-1 at 33.

[4] Doc. 20-1 at 23.

[5] Allstate argues that the exam proves that even without the accident at issue, Escue would have needed a surgical repair of her lumbar spine. The dispute is not germane to this motion.

On October 8, 2019, Escue filed this action to recover damages from her uninsured motorist claim as well as attorney fees. Allstate filed a counterclaim for breach of contract, seeking a declaratory judgment. Allstate now moves for summary judgment on both of Escue's claims, or in the alternative, partial summary judgment on Escue's claim for attorney fees.

## II.     Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[6] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[7] The movant bears the initial burden of proof, and must show the lack of evidence on an essential element of the claim.[8] The nonmovant must then bring forth specific facts showing a genuine issue for trial.[9] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[10] The court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[11]

---

[6] Fed. R. Civ. P. 56(a).

[7] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[8] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[9] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[10] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998)).

[11] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

A federal court sitting in diversity must apply the choice of law rules of the state in which it sits.[12]  Here, the parties agree that Kansas law governs the insurance policy at issue.  Under Kansas law, the construction and effect of an insurance contract is a question of law to be decided by the court.[13]

### III.    Analysis

Allstate argues that Escue breached the terms of the insurance policy and failed to comply with its conditions precedent by refusing to undergo a medical examination before filing this action.  Allstate asserts that the insurance policy required medical examinations upon Allstate's reasonable requests.  It is undisputed that Escue refused Allstate's requests to undergo a medical examination.  The primary issue here is whether Escue's refusal constitutes a material breach of the terms of the insurance policy.

**A.    Conditions Precedent to the Uninsured Motorist Coverage**

Allstate first argues that Escue's policy contains a medical authorization clause that requires her to undergo an independent medical examination before filing suit.  Allstate construes this clause as a condition precedent to suit.  Escue disagrees, arguing that Kansas law does not recognize medical authorization clauses as conditions precedent.

The insurance policy in this case contains a medical authorization clause which reads "[t]he insured person may be required to take medical examinations by physicians [Allstate] choose[s], as often as [Allstate] reasonably require[s]."[14]  Allstate argues that this clause creates a condition precedent to filing suit for the recovery of insurance proceeds.  Contrary to Allstate's assertion,

---

[12] *Klaxon Co v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

[13] *Warner v. Stover*, 283 Kan. 453, 153 P.3d 1245, 1247 (2007).

[14] Doc. 20-1 at 33.

however, it is well settled that Kansas case law considers medical authorization clauses void when insurers attempt to use the clause to avoid liability. In *Clayton v. Alliance Mutual Casualty Co.*,[15] an insurance policy contained a medical authorization clause that required the insured to undergo an independent medical examination. The Kansas Supreme Court held that such medical authorization clauses were void to the extent the insurer claimed they were conditions precedent to the filing of a suit to recover uninsured motorist damages. The court stated that it had no reasonable basis to enforce the clauses since they would dilute the requirements of K.S.A. 1972 Supp. § 40-284(e). That statute delineates when insurers may exclude or limit uninsured motorist coverage, but notably lacks any mention of medical records or examinations. Although the court acknowledged that medical records and examinations could be helpful to facilitate a settlement before litigation, it nevertheless rejected the use of such contractual provisions to shield insurers from liability.[16] The court highlighted that there are "detailed procedures available to the insurer to discover the degree and character of injuries to the uninsured motorist under our code of civil procedure" without prejudicing the insurer.[17]

Since *Clayton* was decided in 1973, the Kansas legislature has amended § 40-284 four times, strengthening it to provide further exclusions to uninsured motorist coverage. No amendment, however, has abrogated *Clayton* or otherwise allowed medical reports or examinations as conditions precedent to coverage.[18] Likewise, no Kansas courts have overturned

---

[15] 212 Kan. 640, 512 P.2d 507, 516 (1973), *superseded by* K.S.A. 40-284(d) *on other grounds*, *as stated in Farmers Ins. Co. v. Gilbert*, 14 Kan. App. 2d 395, 791 P.2d 742, 747 (1990).

[16] *Clayton*, 512 P.2d at 516.

[17] *Id*. at 517.

[18] *See, e.g.*, *Van Hoozer v. Farmers Ins. Exch.*, 219 Kan. 595, 549 P.2d 1354, 1364 (1976) (finding provision in insurance policy limiting "stacking" uninsured motorist coverage with previously recovered worker's compensation was unenforceable because it diluted coverage mandated by § 40-284), *superseded by statute as stated in Farmers*,

or distinguished *Clayton* in the manner Allstate requests.[19]  Overall, Kansas courts liberally construe § 40-284 to protect insurers' rights to uninsured motorist coverage and strictly construe policy provisions attempting to limit such coverage.

The Court concludes that the medical authorization clause in Escue's policy was not a condition precedent to her filing suit.  Holding otherwise would countermand Kansas case law and invalidate the intent of the Kansas legislature in enacting a broad regulatory framework under § 40-284.  Allstate argues that its demand for an independent medical examination did not dilute Escue's coverage—as the court in *Clayton* feared—because Allstate merely wanted to use the examination to determine damages.  However, *Clayton*'s holding contradicts this argument.  Notably, the court there stated that insurers can use discovery procedures to gain medical information.  Here, Escue has in fact undergone an independent medical evaluation as part of discovery.  Allstate now has the resulting medical information.  Either way, longstanding Kansas precedent invalidates the construction of medical authorization clauses as conditions precedent to suit.  The Court therefore holds that Escue's policy did not contain a condition precedent requiring her to undergo an independent medical examination before filing suit.  Thus, the Court denies summary judgment.

---

791 P.2d at 747; *Simpson v. Farmers Ins. Co.*, 225 Kan. 508, 592 P.2d 445, 448 (1979) (holding provisions in uninsured motorist coverage policies based on physical contact requirements in hit and run cases were an attempt to limit coverage required by K.S.A. § 40-284 and were therefore void), *superseded by statute as stated in Clements v. U.S. Fid. & Guar. Co.*, 243 Kan. 124, 753 P.2d 1274, 1276 (1988).

[19] *See, e.g.*, *Stewart v. Capps*, 247 Kan. 549, 802 P.2d 1226, 1230 (1990) (holding that the provisions of the Kansas uninsured motorist statute are incorporated into every insurance contract and preempt any terms or clause of policy that have contrary meaning, and that the uninsured motorist statute is to be liberally construed while any term of the insurance policy that limits statutorily required uninsured motorist coverage must be strictly construed); *Kettelhake v. Hawkeye-Sec. Ins. Co.*, 2001 WL 969066, at *6 (D. Kan. 2001) (holding that "[i]nsurance policy provisions which purport to condition, limit or dilute the broad, unqualified, uninsured motorist coverage mandated by § 40–284 of the Kansas statutes are void and of no effect").

**B.     Attorney Fees**

Escue also brings a claim for attorney fees under K.S.A. § 40-908.  Allstate seeks summary judgment on this claim as well, arguing that Escue is not entitled to recover attorney fees because she breached the medical authorization provision of the contract.  Under § 40-908, an insured is allowed reasonable attorney fees when "judgment is rendered against any insurance company on any policy given to insure any property in this state against loss by fire, tornado, lightning or hail[.]"[20]  The type of injury for which the plaintiff seeks relief does not matter so long as the policy at issue insures against fire, tornado, lightning, or hail damages.[21]  Fees are not dependent on the insurer contesting the claims in good faith.[22]

Allstate links its arguments here to its prior argument that Escue breached the supposed condition precedent found in the medical authorization clause.  But since the Court has ruled that there was no valid condition precedent as Allstate suggests, Allstate's argument here also fails.  Escue's policy insures her property against damage due to fire, tornado, lightning, or hail.  It also contains an uninsured motorist provision, under which she now seeks to recover damages.  As such, Escue may be entitled to attorney fees under § 40-908 if she is ultimately successful in this case.  At this stage of the proceedings, Allstate has failed to carry its burden to prove otherwise.  For this reason, the Court denies Allstate's motion for summary judgment on Escue's claim for attorney fees.

---

[20] K.S.A. § 40-908.

[21] *Bussman v. Safeco Ins. Co. of Am.*, 298 Kan. 700, 317 P.3d 70, 89 (2014); *All. Indem. Co. v. Kerns*, 54 Kan. App. 2d 155, 398 P.3d 198, 205 (2017).

[22] *Bussman*, 317 P.3d at 84; *see also State Farm Fire and Cas. Co. v. Liggett*, 236 Kan. 120, 689 P.2d 1187, 1194 (1984) (stating that to eliminate allowance of fees when insurer contest a claim in good faith would "write into the statute language which is not there . . . .").

**IT IS THEREFORE ORDERED** that Defendant Allstate Fire and Casualty Insurance Company's Motion for Summary Judgment (Doc. 21) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 1st day of December, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE