**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CAROL ESCUE,

     *Plaintiff,*

vs.

     Case No. 19-1271-EFM

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

     *Defendant.*

**MEMORANDUM AND ORDER**

Plaintiff Carol Escue brings suit against Defendant Allstate Fire and Casualty Insurance Company asserting two claims. Defendant sought summary judgment on Plaintiff's claims, or in the alternative partial summary judgment on Plaintiff's claim for attorney fees. The Court denied Defendant's motion. Defendant is now before the Court seeking reconsideration (Doc. 44), in part, of that order. The Court denies Defendant's request.

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders. Under that rule, a party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[1] It is within the Court's discretion whether to grant or deny a motion for

---

[1] D. Kan. R. 7.3(b).

reconsideration.[2]   A motion for reconsideration is not a vehicle for the losing party to rehash arguments previously considered and rejected.[3]   "The party moving for reconsideration has the 'burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice.' "[4]   "It is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally."[5]   A motion to reconsider should also not be used as a second chance when a party "failed to present its strongest case in the first instance."[6]

Defendant seeks reconsideration asserting that the Court misapprehended its position and the controlling law regarding attorney fees.   Defendant contends that attorney fees are a "cost" rather than "uninsured motorist damages."   Thus, Defendant asserts that its policy condition of requiring an independent medical examination is enforceable and prohibits Plaintiff from asserting a claim for attorney fees because Plaintiff did not satisfy the condition precedent.   The Court disagrees with Defendant's contention as set forth in the previous order.[7]

As noted in the Court's previous order, K.S.A. § 40-908 provides that "in all actions . . . in which judgment is rendered against any insurance company on any policy given to insure any

---

[2] *Classic Commc'ns, Inc. v. Rural Tel. Serv. Co.*, 180 F.R.D. 397, 399 (D. Kan. 1998) (citing *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988)).

[3] *Voelkel v. GMC*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

[4] *Classic Commc'ns*, 180 F.R.D. at 399 (quoting *Mackey v. IBP, Inc.*, 1996 WL 417513, at *2 (D. Kan. July 22, 1996)).

[5] *Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 664 (D. Kan. 2004) (citation omitted).

[6] *Id.* (citation omitted).

[7] Doc. 43.

property in this state against loss by fire, tornado, lighting or hail, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action . . . ." This statute provides for attorney's fees should the plaintiff prevail in the action.[8]  Defendant fails to identify to the Court any authority that a policy condition precludes Plaintiff from asserting a claim for attorney fees under this statute.  Defendant's motion for reconsideration simply takes issue with the Court's ultimate outcome.  Accordingly, Defendant fails to identify any error, and the Court finds no basis to reconsider its previous holding.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider (Doc. 44) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 19th day of May, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[8] *See also Bussman v. Safeco Ins. Co. of Am.*, 298 Kan. 700, 317 P.3d 70, 89 (2014) (noting that the plain language of K.S.A.§ 40-908 provides "that the court *shall* allow the plaintiff reasonable attorney fees as part of the costs in *all* actions in which judgment is rendered against *any* insurance company on *any* policy given to insure *any* property in this state against loss by fire, tornado, lightning, or hail.") (emphasis in original).